# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IDA L. JACOBS,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
DC-0752-15-0227-C-1

DATE: May 4, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darrin W. Gibbons</u>, Esquire, Richmond, Virginia, for the appellant.

<u>Sandra Fortson</u>, Esquire, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The agency has filed a petition for review of the compliance initial decision, which dismissed the appellant's petition for enforcement as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed a Board appeal challenging her removal from her position as a Supervisory Child Development Program Technician with the agency. *Jacobs v. Department of the Air Force*, MSPB Docket No. DC-0752-15-0227-I-1, Initial Appeal File (IAF), Tab 1 at 4, 9, Tab 7 at 5. Thereafter, on May 5, 2015, the parties entered into a settlement agreement resolving the appeal. IAF, Tab 23. In pertinent part, the settlement agreement provided that, within 30 days of the effective date of the agreement, the agency would cancel the appellant's removal, accept her resignation for personal reasons, and make a lump sum payment of $10,000.00 to the appellant's attorney by electronic funds transfer.[2] *Id*. at 3-4. In exchange, among other things, the appellant agreed to withdraw her Board appeal with prejudice. *Id*. at 2-3.

¶3 On May 14, 2015, the administrative judge issued an initial decision dismissing the appeal as settled and entering the settlement agreement into the

---

[2] Although the settlement agreement specified that the payment would be made to the appellant's attorney, the record reflects that, ultimately, the attorney forwarded a portion of the $10,000.00 payment to the appellant. *Jacobs v. Department of the Air Force*, MSPB Docket No. DC-0752-15-0227-C-1, Compliance File, Tab 10 at 25.

record for enforcement purposes.  IAF, Tab 24, Initial Decision (ID).  Thereafter, on June 5, 2015, 31 days after the effective date of the settlement agreement, the appellant filed a petition for enforcement, alleging that the agency breached the settlement agreement by failing to make the $10,000.00 lump sum payment. *Jacobs v. Department of the Air Force*, MSPB Docket No. DC-0752-15-0227-C-1, Compliance File (CF), Tab 1 at 5.  In addition, the appellant alleged that the agency failed to prove that it had complied with the remaining terms of the settlement agreement.[3]  *Id*. at 5-6.

¶4        In response to the petition for enforcement, the agency provided evidence that it made the $10,000.00 lump sum payment to the appellant's counsel on June 19, 2015, 15 days after the deadline specified in the settlement agreement, and 14 days after the appellant filed her petition for enforcement.  CF, Tab 5 at 29.  The agency also provided evidence that, within 30 days of the effective

---

[3] Although not raised by either party on review, when the appellant filed her petition for enforcement, the compliance initial decision dismissing her appeal as settled had not yet become final, and, accordingly, the administrative judge should have dismissed the petition for enforcement as premature.  *See Niday v. Department of the Army*, 42 M.S.P.R. 673, 679 (1990) (finding that an appellant's contention that an agency failed to comply with a settlement agreement was premature when the initial decision dismissing the appeal as settled had not become final because the appellant had filed a petition for review); *see also* 5 C.F.R. § 1201.182(a) (providing that a party may petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction, or for enforcement of the terms of a settlement agreement that has been entered into the record for the purpose of enforcement in an order or decision under the Board's appellate jurisdiction).  However, we find that this adjudicatory error does not form a basis for reversing the compliance initial decision because it did not affect either party's substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  The appellant's petition for enforcement became ripe on June 18, 2015, 13 days after it was filed, and more than 5 months before the compliance initial decision was issued.  ID at 2; CF, Tab 13, Compliance Initial Decision at 1; *see* 5 C.F.R. § 1201.113 (stating that an initial decision will become the Board's final decision 35 days after issuance if neither party files a petition for review).  Accordingly, because the petition for enforcement was ripe when it was adjudicated, we conclude that the administrative judge's error was harmless.

date of the settlement agreement, it had complied with the remaining terms of the agreement. CF, Tab 5 at 5-10, Tab 8 at 4-5.

¶5 The administrative judge issued a compliance initial decision dismissing the appellant's petition for enforcement as moot. CF, Tab 13, Compliance Initial Decision (CID). She found that, although the agency established compliance with the remaining terms of the settlement agreement, the agency materially breached the agreement through its delay in making the $10,000.00 lump sum payment. CID at 5-6. However, the administrative judge found that, because the appellant sought enforcement, rather than rescission, of the settlement agreement, the appellant's petition for enforcement was moot because the agency ultimately made the payment after the appellant filed her petition for enforcement. CID at 6.

¶6 The agency has filed a petition for review of the compliance initial decision, in which it argues that the administrative judge erred in finding that its delay in making the $10,000.00 lump sum payment was a material breach. Compliance Petition for Review (CPFR) File, Tab 1. The appellant has opposed the petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 On review, neither party challenges the administrative judge's finding that the petition for enforcement is moot, and we discern no basis to disturb this finding. CPFR File, Tabs 1, 3. During the compliance proceedings, the appellant repeatedly indicated that she sought to enforce, rather than rescind, the settlement agreement. CF, Tab 1 at 6, Tab 10 at 8. It is undisputed that, 14 days after the appellant filed her petition for enforcement, the agency made the $10,000.00 lump sum that she was entitled to under the settlement agreement, and that the agency otherwise complied with the terms of the agreement. CF, Tab 5 at 5-10, 29, Tab 8 at 45. Therefore, there is no further meaningful relief that the Board can provide, and the administrative judge properly dismissed the appellant's petition for enforcement as moot. *See Burke v. Department of Veterans*

*Affairs*, [121 M.S.P.R. 299](#), ¶ 13 (2014) (dismissing an appellant's petition for enforcement as moot where an agency ultimately complied with a provision of the settlement agreement and there was no further meaningful relief that the Board could provide); *Bables v. Department of the Army*, [86 M.S.P.R. 171](#), ¶¶ 19-20 (2000) (same); *see also Mascarenas v. Department of Defense*, [60 M.S.P.R. 320](#), 323 (1993) (dismissing a petition for enforcement as moot where an appellant had been afforded all of the relief that he could have obtained in a successful compliance proceeding).

¶8      It was unnecessary for the administrative judge to make any findings regarding whether the agency's breach of the settlement agreement was material to dismiss the petition for enforcement as moot.  ID at 6.  Therefore, the administrative judge's finding that the agency's 15-day delay in making the payment was a material breach is, for all intents and purposes, *obiter dicta*.  *See Co-Steel Raritan, Inc. v. International Trade Commission*, [357 F.3d 1294](#), 1307 (Fed. Cir. 2004) (stating that dicta are statements made by a court that are "unnecessary to the decision in the case, and therefore not precedential . . . .") (quoting *Black's Law Dictionary* 1100 (7th ed. 1999)).  Accordingly, in light of our finding that the administrative judge correctly dismissed the appellant's petition for enforcement as moot, we decline to address the agency's contentions on review that the administrative judge erred in finding that the agency's breach was material.  *See Kaw Nation v. Norton*, [405 F.3d 1317](#), 1323 (Fed. Cir. 2005) (finding that, when an underlying controversy is clearly moot, the preferred course is to decide mootness, rather than address difficult questions more closely tied to the merits of the underlying controversy); *see also Norvell v. U.S. Postal Service*, [38 M.S.P.R. 563](#), 567 (1988) (declining to address arguments pertaining to the merits of an appeal which an administrative judge properly dismissed as moot).

¶9      For the reasons discussed above, we affirm the compliance initial decision dismissing the appellant's petition for enforcement as moot and decline to address

the agency's arguments on review that the administrative judge erred in finding that its breach of the settlement agreement was material.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.